## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MELISSA ANN HOGAN, | |
| Plaintiff, | |
| | CASE NO. |
| -vs- | |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and LVNV FUNDING LLC, | |
| Defendants. | |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, MELISSA ANN HOGAN (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and LVNV FUNDING LLC (hereinafter "LVNV") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

1

## **PRELIMINARY STATEMENT**

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION, VENUE, AND PARTIES**

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Trans Union's principal address is in this District, Defendants transact business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Attala County in the State of Mississippi. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Illinois through its registered agent, Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the

purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Illinois through its registered agent, C T Corporation System, located at 208 S LaSalle Street, Suite 814, Chicago, Illinois 60604.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is headquartered at 555 West Adams Street, Chicago, Illinois 60661.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning

consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C §
1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under
contract for monetary compensation.

19.     LVNV is a corporation with its principal place of business in the State
of South Carolina and is authorized to do business in the State of Illinois through its
registered agent, Illinois Corporation Service Company, located at 801 Adlai
Stevenson Drive, Springfield, Illinois 62703.

20.     LVNV is a "furnisher of information" as that term is used in 15 U.S.C
§ 1681s-2.

21.     LVNV furnished information about Plaintiff to the CRAs that was
inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff is alleged to owe a debt to LVNV, account number ending in
x4838, as to a collection account on behalf of original creditor, Credit One Bank,
N.A. (hereinafter "LVNV Account"). Plaintiff does not have an account with Credit
One Bank, N.A. and never applied or gave permission to anyone to apply using her
information for a Credit One Bank, N.A. account.

23.     In or about 2021, Plaintiff first became aware of the LVNV Account
when she started to receive collection notices from LVNV.

24.     On or about February 24, 2021, Plaintiff sent a letter to LVNV disputing the erroneous LVNV Account.

25.     Plaintiff continued to receive collection notices from LVNV, and on or about November 23, 2021, Plaintiff sent another letter to LVNV disputing the erroneous LVNV Account.

26.     Despite her letters disputing the LVNV Account, LVNV continued to seek payment of the invalid debt, and on or about November 28, 2022, LVNV filed a lawsuit against Plaintiff in the Attala County Justice Court, case number 18588.

27.     On or about March 22, 2023, an order was entered finding in favor of Plaintiff and dismissing the lawsuit filed by LVNV.

28.     After some time, Plaintiff reviewed her credit report, and upon review, Plaintiff observed that the CRAs were reporting the erroneous LVNV Account on her credit file.

29.     In response to the inaccurate reporting, Plaintiff contacted the CRAs to dispute the erroneous LVNV Account and advised that the LVNV Account did not belong to her.

30.     Plaintiff did not receive dispute results from Equifax. However, upon review of an updated credit report, Plaintiff observed the LVNV Account continued to appear with a comment which stated, "Consumer disputes this account information".

31.     Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

32.     Equifax never attempted to contact Plaintiff during the alleged investigation.

33.     Upon information and belief, Equifax notified LVNV of Plaintiff's dispute. However, LVNV failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

34.     Plaintiff did not receive dispute results from Experian. However, upon review of an updated credit report, Plaintiff observed the LVNV Account continued to appear with a comment which stated, "account information disputed by consumer (meets requirement of the Fair Credit Reporting Act)".

35.     Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

36.     Experian never attempted to contact Plaintiff during the alleged investigation.

37.     Upon information and belief, Experian notified LVNV of Plaintiff's dispute. However, LVNV failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

38.    Plaintiff did not receive dispute results from Trans Union. However, upon review of an updated credit report, Plaintiff observed the LVNV Account continued to appear with a comment which stated, "account information disputed by consumer (FCRA)".

39.    Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

40.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

41.    Upon information and belief, Trans Union notified LVNV of Plaintiff's dispute. However, LVNV failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

42.    On or about December 11, 2023, Plaintiff obtained copies of her credit reports from the CRAs. Upon review, Plaintiff observed phone numbers which did not belong to her. Further, the LVNV Account continued to be reported with a status of "collection" and a balance of $927. Such reporting negatively impacted Plaintiff.

43.    Due to the continued inaccurate reporting, on or about January 3, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff asserted that they were reporting multiple inaccurate phone numbers. Further, Plaintiff explained that the LVNV Account did not belong to her and needed to be removed

from her credit file. To confirm her identity, Plaintiff included images of her driver's license and Social Security card. In the letter, Plaintiff also included images of the erroneous credit reporting and a copy of a court document from the Attala County Justice Court stating the LVNV lawsuit against Plaintiff was dismissed.

44.     Plaintiff mailed her written dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1580 3593 63), Experian (9589 0710 5270 1580 3593 70), and Trans Union (9589 0710 5270 1580 3593 87).

45.     On or about January 8, 2024, Equifax responded by stating the proof of identity provided did not match the information on Plaintiff's credit file and requested two different forms of identification despite Plaintiff having already provided a copy of her driver's license and Social Security card.

46.     Equifax failed to do any independent investigation into Plaintiff's dispute.

47.     On or about February 5, 2024, Experian responded to Plaintiff's detailed dispute letter by stating the LVNV Account was verified and updated.

48.     Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

49.     Experian never attempted to contact Plaintiff during the alleged investigation.

50.     Upon information and belief, Experian notified LVNV of Plaintiff's dispute. However, LVNV failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

51.     On or about February 6, 2024, Trans Union responded to Plaintiff's detailed dispute letter by stating the LVNV Account was verified and updated.

52.     Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

53.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

54.     Upon information and belief, Trans Union notified LVNV of Plaintiff's dispute. However, LVNV failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

55.     On or about February 21, 2024, Plaintiff again obtained copies of her credit report from the CRAs. To her relief, Plaintiff observed that the LVNV Account was no longer being reported to her credit file.

56.     As a result of the action and/or inaction of Defendants, Plaintiff has suffered damages, including, but not limited to:

i.  Monies lost by attempting to fix his consumer report. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.  Loss of time attempting to cure the errors;

iii.  Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; and

iv.  Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

57.  Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-six (56) as if fully stated herein.

58.  Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

59.     Equifax allowed for Furnisher(s) to report inaccurate information on an account. Equifax failed to have policies and procedures to avoid misreporting accounts.

60.     Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

61.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

62.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

63.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MELISSA ANN HOGAN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

64.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-six (56) as if fully stated herein.

65.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

66.     Equifax allowed for Furnisher(s) to report inaccurate information on an account. Equifax failed to have policies and procedures to avoid misreporting accounts.

67.     Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

68.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

69.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

70.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MELISSA ANN HOGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

71.    Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-six (56) as if fully stated herein.

72.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation;

(3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable.

73.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

74.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

75.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

76.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MELISSA ANN HOGAN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

77.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-six (56) as if fully stated herein.

78.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable.

79.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

80.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

81.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

82.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MELISSA ANN HOGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

83.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-six (56) as if fully stated herein.

84.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

85.     Experian allowed for Furnisher(s) to report inaccurate information on an account. Experian failed to have policies and procedures to avoid misreporting accounts.

86.     Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

87.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

88.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

89.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MELISSA ANN HOGAN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN

INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

90.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-six (56) as if fully stated herein.

91.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

92.     Experian allowed for Furnisher(s) to report inaccurate information on an account. Experian failed to have policies and procedures to avoid misreporting accounts.

93.     Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

94.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

95.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

96.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MELISSA ANN HOGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

97.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-six (56) as if fully stated herein.

98.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation;

(3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable.

99.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

100.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

101.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

102.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MELISSA ANN HOGAN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

103.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-six (56) as if fully stated herein.

104.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable.

105.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

106.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

107. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

108. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MELISSA ANN HOGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

109. Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-six (56) as if fully stated herein.

110. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

111.   Trans Union allowed for Furnisher(s) to report inaccurate information on an account. Trans Union failed to have policies and procedures to avoid misreporting accounts.

112.   Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

113.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

114.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

115.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MELISSA ANN HOGAN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC,

jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

116.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-six (56) as if fully stated herein.

117.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

118.   Trans Union allowed for Furnisher(s) to report inaccurate information on an account. Trans Union failed to have policies and procedures to avoid misreporting accounts.

119.   Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

120.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

121.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

122.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MELISSA ANN HOGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT XI**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

123.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-six (56) as if fully stated herein.

124.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable.

125.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

126.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

127.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

128.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MELISSA ANN HOGAN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-

judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT XII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

129. Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-six (56) as if fully stated herein.

130. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable.

131. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

132. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

133. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

134. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MELISSA ANN HOGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **COUNT XIII**
### **Violation of 15 U.S.C. § 1681s-2(b) as to**
### **Defendant, LVNV Funding LLC (Negligent)**

135. Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-six (56) as if fully stated herein.

136. LVNV furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

137. After receiving Plaintiff's disputes, LVNV violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account;

(2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

138. LVNV did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to LVNV by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account was in fact not his. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that the account did not belong to Plaintiff.

139. LVNV violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

140. As a direct result of this conduct, action and/or inaction of LVNV, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

141.   The conduct, action, and/or inaction of LVNV was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

142.   Plaintiff is entitled to recover costs and attorney's fees from LVNV in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MELISSA ANN HOGAN, respectfully requests that this Court award actual damages against Defendant, LVNV FUNDING LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XIV
### Violation of 15 U.S.C. § 1681s-2(b) as to
### Defendant, LVNV Funding LLC (Willful)

143.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-six (56) as if fully stated herein.

144.   LVNV furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

145.   After receiving Plaintiff's disputes, LVNV violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own

internal records to prevent the re-reporting of the representations to the consumer reporting agency.

146. LVNV did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to LVNV by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account was in fact not his. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that the account did not belong to Plaintiff.

147. LVNV violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

148. As a direct result of this conduct, action and/or inaction of LVNV, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

149.   The conduct, action, and/or inaction of LVNV was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

150.   Plaintiff is entitled to recover costs and attorney's fees from LVNV in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MELISSA ANN HOGAN, respectfully requests that this Court award actual damages against Defendant, LVNV FUNDING LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MELISSA ANN HOGAN, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and LVNV FUNDING LLC, jointly and severally; attorneys' fees and costs;

prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 26th day of February 2024.

Respectfully Submitted,

**_/s/ Octavio Gomez, Esq._**
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
Lisa@theconsumerlawyers.com
_Attorney for Plaintiff_